

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2005

# USA v. Fishman

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Fishman" (2005). *2005 Decisions.* Paper 1181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-3737

UNITED STATES OF AMERICA

v.

DAVID FISHMAN,
Appellant

_____

On appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable William G. Bassler
District Court No. 02-cr-00587

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 16, 2004

Before: ALITO and SMITH, *Circuit Judges*, and
DUBOIS, *District Judge*[*]

(Filed: May 17, 2005 )

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge*.

David Fishman pled guilty on April 15, 2003 to count three of an information

charging him with knowingly distributing pseudoephedrine in violation of 21 U.S.C. §

_____

[*] The Honorable Jan E. Dubois, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

841(f)(1).  The District Court sentenced him on August 28, 2003 to a term of sixty months.  Fishman appeals, challenging only his sentence.  He contends that the District Court erred by refusing to grant a downward departure under United States Sentencing Guidelines ("U.S.S.G.") §§  5K2.13,  5K2.0, and 5H1.4.  According to Fishman, the District Court mistakenly believed it did not have the authority to depart under these guidelines.

Fishman's sentence was imposed prior to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005).  There, the Supreme Court declared that the United States Sentencing Guidelines are only advisory.  *Id.* at 757.  As a result, Fishman's sentence may have been affected by the District Court's treatment of the guidelines as mandatory.  Having determined that the sentencing issues Fishman raises are best determined by the District Court in the first instance, we will vacate Fishman's sentence and remand for resentencing in accordance with *Booker*.

_____